IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH R. PECKHAM,**

      **Plaintiff,**

      v.                                                     CASE NO.  22-3127-SAC

**DEREK SCHMIDT,**
et al.,

      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Joseph R. Peckham is required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiffs' Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff, an inmate at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"), filed this pro se civil rights case. The Court granted Plaintiff's motion for leave to proceed in forma pauperis. (Doc. 6.)  Plaintiff alleges that he is bringing this action under 42 U.S.C. §§ 1985 and 1986. (Doc. 1, at 1.)

The Complaint reads as a general complaint regarding the management of EDCF and the Kansas Department of Corrections ("KDOC"), with Plaintiff giving suggestions as to how the facility could be managed more efficiently. He refers to his investigative work as "Operation Bear Trap," claims he is pleading this action to further "Operation Bear Trap's investigative authority," and suggests that this case is a means to conduct discovery "in the same manner as production of evidence be compelled before this district court of Butler County." *Id*. at 2. Plaintiff claims that Defendants did not use proper discretionary authority to prevent crimes and

"offensive acts" and neglected to prevent a conspiracy. *Id*. Plaintiff claims that crimes were committed in Butler County and Ellsworth County, and that the Butler County courthouse is the proper venue for "such civil action against the defendants." *Id*. at 3.

Plaintiff asserts that the "factual contentions" can be determined by evidentiary exhibits and demands the reversal of existing law "pertaining to the legislative decision to disband [sic] the Ombudsman Agency #43 as the resteration [sic] of pre existing status." *Id*. Plaintiff seeks to "verify crimes" so that guilty parties may be prosecuted. *Id*. at 4. Plaintiff seeks the "re-activation of the Ombudsman Agency #43 as the most proper Level 3 of grievances of the KDOC." *Id*. at 4. Plaintiff lists examples of wants and needs that may be implemented as follows: notary stamps placed back on the property claim forms; bar codes for Form 9's; more extensive training on problematic issues which are notified via the Grievance System; proper notifications be given to inmates prior to the change of Internal Management Policy and Procedures ("IMPP"); and publications of economic reports relating to IMPPs being placed in the law library materials. *Id*. at 5.

Plaintiff names as defendants: Derek Schmidt; Kansas Attorney General; Natasha Carter, KDOC Chief Legal Counsel; KDOC; (fnu) Does, Officer and/or Contract Service Providers; (fnu) Does; Employees of Both State Agency and Contract Providers; and the Office of the Kansas Attorney General.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

Plaintiff's Complaint is largely incomprehensible and appears to take issue with various grievance procedures, regulations, and IMPPs utilized by the KDOC.

### 1. Standing

Plaintiff appears to be making claims on behalf of the inmate population in general.  Plaintiff takes issue with internal operations, suggests staff should be better-trained, and proposes mandatory continuing education for staff.  It is well-settled that a § 1983 claim must be based on the violation of a plaintiff's personal rights and not the rights of someone else.  *Archuleta v.*

*McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). To the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in his Complaint indicates he lacks standing to do so. To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993). "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Id.* at 289–90.

Such general grievances are best addressed to the legislative, not the judicial, branch. *Bd. of Cty. Comm'rs of Sweetwater Cty. v. Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002) (citing *Allen v. Wright,* 468 U.S. 737, 751 (1984)). Such claims should be dismissed for lack of prudential standing. *See, e.g., Whitington v. Ortiz,* 307 F. App'x 179, 191 (10th Cir. 2009) *(pro se* prisoner plaintiff "lack[ed] standing to attempt to re-regulate the entire CDOC system, or to sue directly or indirectly on behalf of anyone but himself"); *Martinez v. Mesa Cty. Sheriff's Dep't,* 69 F.3d 548 (Table), 1995 WL 640293 at *1 (10th Cir. 1995) (unpublished) (court is not empowered to decide "generalized grievances concerning prison management"). Plaintiff should show good cause why his claims should not be dismissed for lack of standing.

**2. Grievance System/Regulations/Policies**

Plaintiff's claims seem to focus on his dissatisfaction with the grievance procedures in place in KDOC facilities. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan.

5

Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials"). Plaintiff's claims regarding the grievance process are subject to dismissal for failure to state a claim.

It is unclear what Plaintiff's issues are with the regulations in place or the internal policies set forth in the IMPPs. As the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates…." *Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

*Brown v. Wyoming Dept. of Corrections*, 234 F. App'x 874, 878 (10th Cir. 2007); *see also, Brown v. Rios*, 196 F. App'x 681, 683 (10th Cir. 2006) ("Where a liberty or property interest has been infringed, the process which is due under the United States Constitution is that measure by the due process clause, not prison regulations.").

**3. Property Claims**

Plaintiff attaches grievances and responses dealing with property claims. *See* Doc. 1–2. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to

property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable.

### 4. Conspiracy

Plaintiff's bald allegation of a conspiracy is likewise insufficient to state a claim. Plaintiff fails to assert factual allegations in support of his claim. To state a claim for conspiracy, Plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). A bare assertion of conspiracy, absent context implying a meeting of the minds, fails to raise a right to relief above the speculative level. *Id.* Here, Plaintiff provides no factual information whatsoever to demonstrate any type of agreement was made between anyone. Such conclusory allegations fail to state a plausible claim for relief. Plaintiff has failed to state a valid claim of conspiracy.

### 5. Classification

It is unclear whether or not Plaintiff is making a claim about classifications within the prison. He mentions that segregation units should be reestablished in classification and that "PC Pods" could be established. *See* Doc. 1–1, at 5. Liberty interests which are protected by the Due Process Clause are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation

to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility. *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976); *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007)). Moreover, jail officials are entitled to great deference in the internal operation and administration of the facility. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979). Plaintiff's claims regarding his security classification are subject to dismissal for failure to state a claim.

### 6. Motion to Amend/Correct Complaint

The Court entered a Notice of Deficiency, ordering Plaintiff to submit his Complaint on a Court-approved form for filing an action under 42 U.S.C. § 1983. Plaintiff has failed to do so and instead filed a "Motion to Correct Error & Memorandum" (Doc. 4). Plaintiff seeks to clarify that he is not bringing this action under 42 U.S.C. § 1983, but rather under §§ 1985 and 1986.

Plaintiff claims that he is bringing this action under § 1985 for "deprivation of rights or privileges." (Doc. 4, at 1.) Plaintiff's conspiracy allegations under § 1985(3)[1] fail because Plaintiff has not shown discriminatory animus against him based on his membership in a protected class. *See Garcia v. Yniquez*, 2022 WL 2734636, at *2 (10th Cir. July 14, 2022) (unpublished). Section 1985(3) requires "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *JLPR, LLC v. Utah Dep't of Ag. and*

---

[1] Section 1985(3) deals with "Depriving persons of rights or privileges," and appears to be the only section Plaintiff is asserting. Section 1985(1) deals with "Preventing officer from performing duties," while Section 1985(2) deals with "Obstructing justice; intimidating party, witness, or juror." Although Plaintiff mentions obstructing justice in his Complaint (Doc. 1, at 1), he has asserted no facts that would support such a claim. Regardless, causes of action under both sections (2) and (3) require a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015) (citations omitted).

*Food*, 2022 WL 2230280, at n.15 (D. Utah May 16, 2022) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (a § 1985 claim lacking an allegation of "class-based or racial discriminatory animus" must fail)); *see also Chubb v. Brownback*, 2016 WL 5410615, at *7 (D. Kan. Sept. 28, 2016) ("To assert a plausible claim under § 1985(3), plaintiff must allege a conspiracy based on racial animus.") (citing *Jones v. Norton*, 809 F.3d 564, 576 (10th Cir. 2015)).  Plaintiff makes no such allegations, and therefore § 1985 does not provide the Court with a basis for jurisdiction.

Likewise, § 1986 provides for liability for damages if a person has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do . . . ."  42 U.S.C. § 1986.  Thus, "the § 1986 claim is dependent upon the existence of a valid claim under § 1985."  *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985) (citations omitted); *see also Cline v. Utah*, 2020 WL 2476168, at *2 (D. Utah May 13, 2020) ("Without a valid claim under § 1985, Plaintiffs' § 1986 claim similarly fails."); *Chubb v. Brownback*, 2016 WL 5410615, at *7 (D. Kan. Sept. 28, 2016) (because plaintiff failed to allege a plausible claim for relief under § 1985(3) "his claims under § 1986 also fail").  As stated above, Plaintiff's claims under § 1985 fails and therefore his § 1986 claim also fails.

The motion is largely incomprehensible, but Plaintiff seeks to have this court "formally indict" the defendants.  (Doc. 4, at 2.)  Plaintiff states that this is a "citizen's arrest" and the defendants are being indicted by him "as a citizen's duty to sease [sic] and dissist [sic]" and that he is "prosecuting these defendants as law inforcment [sic] should have but failed to be concerned."  (Doc. 4, at 4, 6.)

To the extent Plaintiff believes he can initiate criminal charges through this case, his claims are frivolous. Furthermore, this Court cannot order criminal charges and cannot order state courts to open or close cases. *See Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that any federal court order for "investigation or prosecution of various people for various crimes" would "improperly intrude upon the separation of powers"); *Alexander v. Lucas*, 259 F. App'x 145, 148 (10th Cir. 2007) (holding that the *Rooker-Feldman* doctrine barred plaintiff's request that the federal district court order a State-court judge to grant relief). Plaintiff's motion is denied.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. The failure to respond by the Court's deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Correct Error & Memorandum (Doc. 4) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 15, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated July 20, 2022, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
SAM A. CROW
SENIOR U. S. DISTRICT JUDGE