IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH R. PECKHAM,**

    **Plaintiff,**

    v.                        CASE NO. 22-3127-SAC

**DEREK SCHMIDT,**
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se and in forma pauperis in this civil rights case. At the time of filing, Plaintiff was an inmate at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). Plaintiff has since been released from custody. (Docs. 9, 10.) On July 20, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") granting Plaintiff until August 15, 2022, in which to show good cause why this action should not be dismissed. The Court extended the deadline to September 14, 2022. Plaintiff has failed to respond to the MOSC by the Court's deadline.

The Court found in the MOSC that Plaintiff's Complaint reads as a general complaint regarding the management of EDCF and the Kansas Department of Corrections ("KDOC"), with Plaintiff giving suggestions as to how the facility could be managed more efficiently. The Court found that Plaintiff's Complaint is largely incomprehensible and appears to take issue with various grievance procedures, regulations, and IMPPs utilized by the KDOC. Plaintiff appears to be making claims on behalf of the inmate population in general. Plaintiff takes issue with internal operations, suggests staff should be better-trained, and proposes mandatory continuing education for staff.

The Court found in the MOSC that it is well-settled that a § 1983 claim must be based on the violation of a plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). To the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in his Complaint indicates he lacks standing to do so. To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993). "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Id.* at 289–90.

Such general grievances are best addressed to the legislative, not the judicial, branch. *Bd. of Cty. Comm'rs of Sweetwater Cty. v. Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002) (citing *Allen v. Wright,* 468 U.S. 737, 751 (1984)). Such claims should be dismissed for lack of prudential standing. *See, e.g., Whitington v. Ortiz,* 307 F. App'x 179, 191 (10th Cir. 2009) *(pro se* prisoner plaintiff "lack[ed] standing to attempt to re-regulate the entire CDOC system, or to sue directly or indirectly on behalf of anyone but himself"); *Martinez v. Mesa Cty. Sheriff's Dep't,* 69 F.3d 548 (Table), 1995 WL 640293 at *1 (10th Cir. 1995) (unpublished) (court is not empowered to decide "generalized grievances concerning prison management"). The Court directed Plaintiff to show good cause why his claims should not be dismissed for lack of standing.

The Court also found that to the extent Plaintiff's claims are based on his dissatisfaction with the grievance procedures in place in KDOC facilities, the Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations

omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").

The Court also found that although it is unclear what Plaintiff's issues are with the regulations in place or the internal policies set forth in the IMPPs, the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates…." *Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

*Brown v. Wyoming Dept. of Corrections*, 234 F. App'x 874, 878 (10th Cir. 2007); *see also, Brown v. Rios*, 196 F. App'x 681, 683 (10th Cir. 2006) ("Where a liberty or property interest has been infringed, the process which is due under the United States Constitution is that measured by the due process clause, not prison regulations.") (citations omitted).

The Court also found that Plaintiff attaches grievances and responses dealing with property claims. *See* Doc. 1–2. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also*

*Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable.

The Court held in the MOSC that Plaintiff's bald allegation of a conspiracy is insufficient to state a claim; if Plaintiff is attempting to make a claim regarding classifications within the prison, Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility; and Plaintiff's conspiracy allegations under § 1985(3)[1] fail because Plaintiff has not shown discriminatory animus against him based on his membership in a protected class. *See Garcia v. Yniquez*, 2022 WL 2734636, at *2 (10th Cir. July 14, 2022) (unpublished). Likewise, § 1986 provides for liability for damages if a person has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do . . . ." 42 U.S.C. § 1986. Thus, "the § 1986 claim is dependent upon the existence of a valid claim under § 1985." *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985) (citations omitted); *see also Cline v. Utah*, 2020 WL 2476168, at *2 (D. Utah May 13, 2020) ("Without a valid claim under § 1985, Plaintiffs' § 1986

---

[1] Section 1985(3) deals with "Depriving persons of rights or privileges," and appears to be the only section Plaintiff is asserting. Section 1985(1) deals with "Preventing officer from performing duties," while Section 1985(2) deals with "Obstructing justice; intimidating party, witness, or juror." Although Plaintiff mentions obstructing justice in his Complaint (Doc. 1, at 1), he has asserted no facts that would support such a claim. Regardless, causes of action under both sections (2) and (3) require a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015) (citations omitted).

claim similarly fails."); *Chubb v. Brownback*, 2016 WL 5410615, at *7 (D. Kan. Sept. 28, 2016) (because plaintiff failed to allege a plausible claim for relief under § 1985(3) "his claims under § 1986 also fail").  Plaintiff's claims under § 1985 fails and therefore his § 1986 claim also fails.

Plaintiff was required to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC.  The MOSC provides that "[t]he failure to respond by the Court's deadline may result in dismissal of this action without further notice for failure to state a claim."  (Doc. 7, at 10.)  Plaintiff has failed to respond to the MOSC by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated September 19, 2022, in Topeka, Kansas.**

<u>**S/ Sam A. Crow**</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**